# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**FELICIANO GOMEZ ESTEBAN,**
        **Petitioner,**

        **v.**

                                        Civil Action No. 25-cv-11586- BEM

**JOSEPH D. MCDONALD, JR., Sheriff,**
**PLYMOUTH COUNTY SHERIFF'S**
**OFFICE and KRISTI NOEM, U.S. Secretary**
**of Homeland Security,**
                **Respondents.**

## ORDER CONCERNING SERVICE OF PETITION
## AND STAY OF TRANSFER OR REMOVAL

**MURPHY, D.J.**

Petitioner **FELICIANO GOMEZ ESTEBAN**, has filed a petition for a writ of habeas

corpus seeking his release from custody.

Upon review of the petition, the Court hereby directs and orders as follows:

1.     **Service of Petition**

The clerk of this court shall serve a copy of the petition upon respondents and the United

States Attorney for the District of Massachusetts.

In order to ensure that the relevant government officials have notice of this Order, the

Clerk of Court is directed to serve a copy of this order on the United States Attorney for the

District of Massachusetts.

2.     **Response to Petition**

Respondents shall answer or otherwise respond to the petition no later than **Friday, June**

**6, 2025.**

3.    **Jurisdiction**

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a) (the "Petition"), contending that he is being unlawfully confined in violation of the Constitution and laws of the United States.

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments").

Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, *see* 8 U.S.C. § 1252(a)(1), (g), it does, however, have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); *see* U.S. CONST. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that the petitioner was subject to arrest and detention (and prospective removal) in violation of the Constitution and laws of the United States. The Court therefore has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

Even if this Court ultimately concludes that it does not have jurisdiction over this petition, the Court nonetheless has power to act to preserve the status quo in the near term. A federal court "always has jurisdiction to determine its own jurisdiction," including its own

subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). In order to give the court an opportunity to consider whether it has subject-matter jurisdiction, and if so to determine the validity of the habeas petition, the court may order respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action. *See id.* at 294-95. That principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

**4.** <u>**Order**</u>

In order to provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:

**a.** <u>**Stay of Transfer or Removal**</u>

The petition alleges that petitioner is being held in the District of Massachusetts and is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Petitioner shall not be transferred to another district unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding, and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings. Once that notice has been docketed, the petitioner shall not be moved out of the District for a period of at

3

least **72 hours** from the time of that docketing.

     If the government contests that petitioner is presently confined in the District of Massachusetts, the government shall file a notice in writing on the docket stating the name of the facility in which petitioner is confined.  Such notice shall be provided promptly after the government becomes aware of that fact.

     Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

     **b.**    <u>**Measurement of Time Periods**</u>

     If either of the time periods stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(2)(C).

     If either of the time periods stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).

     Any of the time periods may be shortened or extended as may be appropriate by further order of the Court.

**So Ordered.**

*/s/ Brian E. Murphy*     
Brian E. Murphy
District Judge, United States District Court

Issued at Boston, Massachusetts
June 2, 2025
 9:45 a.m..